**Ricardo Manlapaz LACAP, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 97–3322.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) March 9, 1998.

Decided March 12, 1998.

Elly V. Pamatong, New York City, for Petitioner.

Frank W. Hunger, Asst. Atty. Gen., David M. McConnell, Asst. Director, Stephen W. Funk, Sr., Litigation Counsel, Michael P. Lindemann, Vernon B. Miles, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, DC, for Respondent.

BEFORE: GREENBERG, SCIRICA, and ALDISERT, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

Petitioner Ricardo Manlapaz Lacap was born on January 23, 1951, in the Philippines, where he resided until 1991 when he illegally entered the United States. His parents, Fausto B. Lacap and Maria Manlapaz, were born in the Philippines during the time it was a territorial possession of the United States between December 10, 1898, and July 4, 1946.

In deportation proceedings instituted against Lacap, he conceded that he was a citizen of the Philippines and was subject to deportation. He nevertheless contended that he should be granted asylum and the with-

holding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a) and 1253(h). The immigration Judge denied Lacap's request on September 25, 1995, and, on Lacap's appeal, the Board of Immigration Appeals sustained that result on May 14, 1997.

Lacap then filed a timely petition for review with this court on June 12, 1997. In the proceedings before this court, Lacap does not challenge the administrative denial of his applications for asylum and the withholding of deportation. Rather, he explains that the "only issue in this case is: whether [his] parents were born in the 'United States' within the Citizenship Clause of the Fourteenth Amendment." Br. at 43. He makes an intricate argument contending that they were born in the United States and thus were citizens of the United States. Accordingly, he contends that he is a citizen of the United States by birth and cannot be deported.

The United States Court of Appeals for the Ninth Circuit in *Rabang v. INS,* 35 F.3d 1449, 1454 (9th Cir.1994), *cert. denied,* 515 U.S. 1130, 115 S.Ct. 2554, 132 L.Ed.2d 809 (1995), examined the issue raised in these proceedings and concluded that "Supreme Court precedent compels a conclusion that persons born in the Philippines during the territorial period were not 'born ... in the United States,' within the meaning of the Citizenship Clause of the Fourteenth Amendment, and are thus not entitled to citizenship by birth." We agree with the result and reasoning of the court in *Rabang* and note that the United States Court of Appeals for the Second Circuit recently has followed *Rabang* as well. *See Valmonte v. INS,* 1998 WL 54575 (2d Cir. Feb. 11, 1998). Consequently, it follows that Lacap is not entitled to relief in these proceedings.

In view of the aforesaid, we will deny the petition for review of the decision and order of May 14, 1997, of the Board of Immigration Appeals.